FILED

04/08/2020

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 24, 2020 at Knoxville

**STATE OF TENNESSEE v. ANTHONY WALLACE**

**Appeal from the Criminal Court for Shelby County
Nos. 03-01711, 03-01712, 03-01713, 03-01714, 03-01715, 03-01716, 03-01717, 03-01718, 03-01719    James M. Lammey, Judge**

_____

**No. W2019-01175-CCA-R3-CD**

_____

Anthony Wallace ("Defendant"), pro se, appeals the summary dismissal of his Tennessee Rule of Criminal Procedure 36 motion to correct what he claims were errors in his judgments of conviction. Defendant filed an untimely notice of appeal. Because we can find no errors in the judgments of conviction, the interest of justice does not warrant waiver of timely filing. The appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and THOMAS T. WOODALL, J., joined.

Anthony Wallace, Pro Se, Wartburg, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On May 18th, 2004, Defendant pled guilty pursuant to a plea agreement to twelve separate offenses. The following chart summarizes the judgments:

| Case No. | Ct. | Offense | Sentence | Alignment | Jail Credit |
|---|---|---|---|---|---|
| 03-01711 | 1 | Aggravated Robbery | 8 years (Range I, 30%) | Consecutive to 03-01718; concurrent with [all other counts/cases] | 657 days (8-1-02 to 5-18-04) |
| 03-01711 | 2 | Aggravated Assault | 6 years (Range I, 30%) | (As above) | 657 days |
| 03-01711 | 3 | Aggravated Robbery | 8 years (Range I, 30%) | (As above) | 657 days |
| 03-01711 | 4 | Aggravated Assault | 6 years (Range I, 30%) | (As above) | 657 days |
| 03-01712 | 1 | Aggravated Robbery | 8 years (Range I, 30%) | (As above) | 427 days (3-19-03 to 5-18-04) |
| 03-01713 | 1 | Aggravated Robbery | 8 years (Range I, 30%) | (As above) | 427 days |
| 03-01714 | 1 | Aggravated Robbery | 8 years (Range I, 30%) | (As above) | 427 days |
| 03-01715 | 1 | Aggravated Robbery | 8 years (Range I, 30%) | (As above) | 427 days |
| 03-01716 | 1 | Aggravated Robbery | 8 years (Range I, 30%) | (As above) | 427 days |
| 03-01717 | 1 | Aggravated Robbery | 8 years (Range I, 30%) | (As above) | 427 days |
| 03-01718 | 1 | Especially Aggravated Robbery | 17 years (Range I, Violent 100%) | Consecutive to: [all other cases] | 427 days |
| 03-01719 | 1 | Theft over $1,000 | 4 years (Range I, 30%) | Consecutive to 03-01718; concurrent with [all other counts/cases] | 427 days |

On February 21, 2019, Defendant filed a pro se "Motion to Correct or Amend the Order or Judgments Revoking Probation" pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure. Defendant sought to have the trial court "correct or amend its May 18, 2004 judgments to properly reflect the appropriate 657 days of pretrial jail credit as

well as the concurrency of all of the appropriate sentences as ordered by the court, yet omitted from said judgments herein this case."[1]

On May 21, 2019, the trial court dismissed the motion, without a hearing, finding there was no error in the judgments concerning the alignment of the sentences, and that Defendant's effective sentence was correctly shown on the judgments to be twenty-five years—seventeen years to be served at one hundred percent in Case Number 03-01718 and concurrent eight-year sentences to be served at thirty percent for the other eleven convictions to be served consecutively to the seventeen-year sentence.

On July 1, 2019, Defendant filed an untimely notice of appeal. In his appellate brief, Defendant asks this court to waive timely filing of his notice of appeal and "consider the merits of his appeal." This court has authority to waive the timely filing of a notice of appeal "in the interest of justice." Tenn. R. App. P. 4(a). We have reviewed the motion and the judgment in Case Number 03-01719, which Defendant claims "failed to list or otherwise mention the concurrency of all of the other sentences." The judgment specifically provides that the four-year sentence in Case Number 03-01719 is concurrent with the sentences on all cases, except the seventeen-year sentence in Case Number 03-01718. The judgment forms indicate that all the crimes were committed on the same day, July 30, 2002. Except Case Number 03-01711, all judgments provide credit from March 19, 2003, to May 18, 2004. The four judgments for Case Number 03-01711 provide credit from August 1, 2002, to May 18, 2004. Defendant is entitled to a total of 657 days pretrial jail credit on his effective twenty-one year sentence.

There is no merit to the claims raised in Defendant's appeal, and the interest of justice does not warrant waiver of the timely filing of the notice of appeal. The appeal is dismissed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

---

[1] We note that Defendant's sentence was to be served in the Department of Correction, and there was no judgment or order revoking probation.